UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Austin Cieslack,   Civ. No. 17-2338 (PAM/SER)

          Plaintiff,

v.   **MEMORANDUM AND ORDER**

Chris Easly, Tasha Jurans, Bob Thomson,
Leslie Keplin, Courtney Langer, Kelsey
Metcalfe, and Clinton Pitonak,

          Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

In late 2015, Plaintiff Austin Cieslack lost his Wisconsin driver's license at Treasure Island Casino, a casino owned and operated by the Prairie Island Indian Community and located near Red Wing, Minnesota. (2d Am. Compl. (Docket No. 25) ¶ 17.) In 2017, Cieslack discovered that the Casino was using his license as part of new-employee training. (Id. ¶ 20.) He claims that this use constitutes both a violation of the Drivers Privacy and Protection Act ("DPPA"), 18 U.S.C. § 2721 et seq, and the tort of invasion of privacy.

Cieslack initially sued the tribe and seven of its employees. After Defendants filed a motion to dismiss, Cieslack amended his pleadings to remove the tribe as a Defendant, because it is immune from suit. The remaining Defendants are the Casino's human

resources director, three individuals who "facilitated orientation" for new hires, and three individuals who worked in security for the Casino. (2d Am. Compl. ¶¶ 6-12.)

Defendants raise several different bases for dismissal of the Second Amended Complaint. First, Defendants contend that because, the Second Amended Complaint does not specify whether the employees are being sued in their official or individual capacities, the Court should presume the suit is against them in their official capacities and dismiss it under sovereign immunity principles. If the suit is against them in their individual capacities, Defendants argue that qualified immunity applies to protect them from suit. And even if immunity does not mandate dismissal, Defendants assert that Cieslack has not stated a claim for either a violation of the DPPA or invasion of privacy. Five months after Defendants filed this Motion, Cieslack moved to amend his Complaint yet again, to clarify that the suit is brought against the Defendants in their individual capacities. (Docket No. 42.)

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th

Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

Cieslack does not dispute that any claims against Defendants in their official capacities are barred by sovereign immunity. As noted, he seeks to amend his pleadings "to resolve any ambiguity that might exist" as to whether Defendants are sued in their official or individual capacities. (Pl.'s Opp'n Mem. (Docket No. 37) at 5 n.1.) Because it is now clear that his claims are against Defendants in their individual capacities, dismissal on the basis of sovereign immunity is not appropriate.

**A.  DPPA**

The DPPA provides for a civil cause of action to an individual whose "personal information [] from a motor vehicle record" has been disclosed "for a purpose not permitted." 18 U.S.C. § 2724(a). The statute defines "personal information" as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address . . . , telephone number, and medical or disability information." Id. § 2725(3). A "motor vehicle record" is "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." Id. § 2725(1).

The DPPA is a "regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent," and it "generally prohibits any state DMV, or officer, employee, or contractor thereof" from disclosing a driver's personal information from DMV records. Reno v. Condon, 528 U.S. 141, 144 (2000). It

3

also "regulates the resale and redisclosure of drivers' personal information by private persons who have obtained that information from a state DMV." Id. at 146. Thus, as the Supreme Court held, the DPPA was a constitutional exercise of Congress's authority because it "regulates the States as the owners of data bases." Id. at 151.

Here, even taking Cieslack's allegations as true, the disclosure of his driver's license in the manner alleged did not violate the DPPA. First, the driver's license is not a "motor vehicle record" as that is defined by the DPPA. See Siegler v. Best Buy Co., 2012 WL 12895397, at *2 (S.D. Fla. June 12, 2012) ("[B]ecause the record must 'pertain to' the driver's license, the 'record' must be different than the license."). And second, Defendants did not obtain Cieslack's license from the Wisconsin DMV. See Siegler v. Best Buy Co., 519 F. App'x 604, 605 (11th Cir. 2013) (noting that the DPPA "was intended to prohibit only the disclosure or redisclosure of information originating from state department of motor vehicle [] records") (emphasis omitted).

It is understandable that Cieslack is angry that the Casino was showing his driver's license to new employees. And, as Cieslack argued at the hearing, surely the Casino employees knew that doing so was wrong. But not every wrong is actionable under federal law. His DPPA claim must be dismissed.

**B.   Invasion of Privacy**

Cieslack's invasion-of-privacy claim is one for publication of private facts. (Am. Compl. Count II.) But a claim for publication of private facts requires that the private information be made public "by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public

4

knowledge." <u>Bodah v. Lakeville Motor Express, Inc.</u>, 663 N.W.2d 550, 554 (Minn. 2003) (quotation omitted). The "publication" required for the tort of publication of private facts is "a communication that reaches, or is sure to reach, the public." <u>Id.</u> (quotation omitted). The disclosure here, even if to 50 or 100 new employees, is not sure to reach the public. Cieslack has not stated a claim for publication of private facts.

**C.     Qualified Immunity**

Having determined that Cieslack has failed to state any claim on which relief can be granted, the Court need not reach Defendants' alternative argument that they are protected from suit by qualified immunity.

**CONCLUSION**

Cieslack has failed to state a claim for a violation of the DPPA or for publication of private facts. Accordingly, **IT IS HEREBY ORDERED that**:

1.     Defendants' Motion to Dismiss (Docket No. 29) is **GRANTED**; and

2.     This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>June 11, 2018</u>               *s/ Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge